IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BENTON, on behalf of himself and all others similarly situated, | )<br>)  Case No.<br>) |
| Plaintiff, | )  Judge<br>) |
| v. | )  **PLAINTIFF'S COLLECTIVE AND**<br>)  **CLASS ACTION COMPLAINT** |
| THE M.K. MORSE COMPANY, | )<br>)  **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

Plaintiff, Anthony Benton, by and through counsel, for his Complaint against Defendant, The M.K. Morse Company, states and alleges as follows:

## PARTIES

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "FLSA Class").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-

1

related claims under the Ohio Fair Minimum Wage Standards Act ("OMFSA") (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b)

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(2).

## PARTIES

7. At all times relevant, Plaintiff was a citizen of the United States. Plaintiff worked for Defendant as an hourly, non-exempt employee within this district and division within the last three years.

8. Defendant is an Ohio corporation. Defendant's principal place of business is located in Canton, Ohio. Defendant can be served through its statutory agent, Nancy M. Sonner, 1101 11th Street, S.E., Canton, Ohio 44707.

## STATEMENT OF FACTS

### Defendant's Status as an "Employer"

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

10. Defendant's hourly, non-exempt employees included Plaintiff, the FLSA Class and the Ohio Class.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Plaintiff, the FLSA Class and the Ohio Class were employees within the meaning of the FLSA and the OMFWSA.

## Hourly Employees' Compensation

13. Plaintiff, the FLSA Class and the Ohio Class are current or former hourly, non-exempt employees of Defendant.

14. Plaintiff, the FLSA Class and the Ohio Class frequently worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and the OMFWSA.

15. Plaintiff, the FLSA Class and the Ohio Class were not paid all of the overtime compensation they earned.

16. At all relevant times, Plaintiff, the FLSA Class and the Ohio Class routinely clocked in and began working approximately 10 to 15 minutes before the start of their shift.

17. At all relevant times, Defendant suffered and permitted Plaintiff, the FLSA Class and the Ohio Class to clock in and begin working approximately 10 to 15 minutes before the start of their shift.

18. At all relevant times, pursuant to Defendant's uniform companywide policy, Defendant did not pay Plaintiff, the FLSA Class and the Ohio Class for time they spent working before the start of their shift. This policy and practice systematically resulted in Plaintiff, the FLSA Class and the Ohio Class being denied overtime compensation.

19. Defendant's policy and practice of not paying Plaintiff, the FLSA Class and the Ohio Class for time they spent working before their scheduled shift start time resulted in Plaintiff, the FLSA Class and the Ohio Class being underpaid for overtime hours worked on a weekly basis.

20. Plaintiff, the FLSA Class and the Ohio Class have each worked a substantial number of uncompensated hours during the three-year period immediately preceding the filing of this Complaint, which has resulted in significant unpaid overtime.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

23. The FLSA Class who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

24. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay its employees for all hours worked, and all have the same claims against Defendant for unpaid wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

25. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

26. Plaintiff cannot yet state the exact number of similarly-situated persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant during the period two years preceding the commencement of this action to the present who worked more than forty hours in one or more workweeks.

29. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that it consists of over 100 people. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

30. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members for all hours worked in excess of 40 in a workweek?
>
> Whether Defendant kept adequate records of the hours worked by Plaintiff and the other class members?

31. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

32. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

33. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Class members who have joined, or who will join, this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed or will be filed with the Court.

37. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

38. Defendant failed to pay Plaintiff and the FLSA Class overtime compensation for all hours worked in excess of forty in a workweek.

39. Specifically, Defendant suffered and permitted Plaintiff and the FLSA Class to clock in and begin working before the start of their shift. But, Defendant did not pay Plaintiff and the FLSA Class for this time.

40. Defendant's failure to pay Plaintiff and the FLSA Class for the time they spent working before the start of their shift resulted in Plaintiff and the FLSA Class receiving less overtime compensation than they were owed.

41. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

42. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Class were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that

"[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the OMFSA, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

45. At all times relevant, Defendant was an employer as that term is defined in the OMFSA.

46. At all relevant times, Plaintiff and the Ohio Class were employees as that term is defined in the OMFSA.

47. The OMFWSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

48. Defendant failed to pay Plaintiff and the Ohio Class overtime compensation for all hours worked in excess of forty in a workweek.

49. Specifically, Defendant suffered and permitted Plaintiff and the Ohio Class to clock in and begin working before the start of their shift. But, Defendant did not pay Plaintiff and the Ohio Class for this time.

50. Defendant's failure to pay Plaintiff and the Ohio Class for the time they spent working before the start of their shift resulted in Plaintiff and the Ohio Class receiving less overtime compensation than they were owed.

51. As a result of Defendant's violations of the OMFWSA, Plaintiff and the Ohio Class were injured in that they did not receive overtime compensation due to them pursuant to the OMFWSA.

52. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff and the FLSA Class members who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the FLSA Class members who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,
**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage Street, NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Fax: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all questions of fact raised by the Complaint.

*/s/ Shannon M. Draher*
Shannon M. Draher

*Counsel for Plaintiff*

10