# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY BENTON, on behalf of himself and others similarly situated, | ) ) CASE NO. 5:19-cv-00933 |
| Plaintiff, | ) ) JUDGE JOHN R. ADAMS |
| vs. | ) **FINAL ORDER AND JUDGMENT** ) **ENTRY FOR FINAL APPROVAL** |
| THE M.K. MORSE COMPANY, | ) **OF CLASS ACTION** ) **SETTLEMENT** |
| Defendant | ) (Resolves Doc. 10) |

Representative Plaintiff Anthony Benton (the "Representative Plaintiff") and Defendant The M.K. Morse Company ("Defendant") have jointly moved the Court for final approval, as fair and reasonable, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of Class Action Settlement ("Joint Motion for Approval"), the Declaration of the Settlement Administrator appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1. Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement.

2. On April 25, 2019, Plaintiff Anthony Benton filed this Action, alleging that Defendant violated the Fair Labor Standards Act and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees all of their overtime compensation.

3. The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. The Parties have also engaged experts to review the voluminous timekeeping and pay records. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

4. The Parties engaged in mediation on August 2, 2019, with well-respected mediator Michael Ungar, at which the Parties reached an agreement to settle this Action.

5. On November 1, 2019, the parties filed a Joint Motion for Preliminary Approval of Class Action.

6. On November 26, 2019, the Court granted Preliminary Approval of the Class Action Settlement, and directed that notice be sent to class members.

7. The Parties' Motion for Final Approval of the Class Action Settlement was filed on February 14, 2020.

8. The issues in this case were contested. A Settlement Agreement was achieved after hard-fought, arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, and with the aid of a very experienced third-party neutral.

9. The Parties have filed with the Court a declaration from the Settlement Administrator verifying that the Class Notice was distributed to the members of the Class in the form and manner approved by the Court.

10. The Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Civ. R. 23 and due process.

11. As to Representative Plaintiff and the Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the Class in that he is a member of the class and possesses the same interests and suffered the same injuries as the class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

12. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

13. The Court approves the method of calculation and proposed distribution of settlement payments, and Orders that the settlement payments be distributed to Class Members in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

14. The Court approves the Service Award to Representative Plaintiff in recognition of his service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

15. The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

16. Because there were no objections, and to conserve judicial resources and eliminate unnecessary expense, the Court hereby VACATES the February 26, 2020 Fairness Hearing.

17. The Court DISMISSES THIS ACTION WITH PREJUDICE.

18. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

19. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

20. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this 20th day of February, 2020.

    /s/ John R. Adams
Honorable John R. Adams
United States District Court Judge